IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| CaSaundra Boley, ) | C/A No. 6:19-cv-02727-DCC-KFM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Hanz and Franz LLC, Addy Sulley, ) | |
| Mark Godenick, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter comes before the Court on Defendant Mark Godenick's Motion to Dismiss, or, in the Alternative, to Sever and Strike ("Motion"). ECF No. 9. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial handling and a Report and Recommendation ("Report"). On April 3, 2020, the Magistrate Judge issued a Report recommending that the Motion be granted. ECF No. 22. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Plaintiff filed an Objection, and Defendant Godenick filed a Response. ECF Nos. 23, 25.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or

1

modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b)(1).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2015) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (citation omitted)).

## **DISCUSSION**

The single issue presently before the Court is whether the provisions of S.C. Code Ann. §§ 15-36-100(B) and 15-79-125(A), which respectively impose specialized pleading and pre-suit requirements for claims of professional negligence and medical malpractice, apply to Plaintiff's claims against Defendant Godenick.  Defendant Godenick argues that Plaintiff's claims against him of common law negligence and recklessness, civil conspiracy, and breach of medical privacy constitute professional negligence claims, and that Plaintiff was therefore required to comply with the specialized statutory requirements.  As the Magistrate Judge noted, Plaintiff undisputedly has not complied with those requirements.  The Magistrate Judge found that Plaintiff's suit is subject to §§ 15-36-100(B) and 15-79-125(A) and accordingly recommends dismissal without prejudice.

The sum total of Plaintiff's objection is as follows:

> A dismissal of any defendant or any cause of action in this case is at odds with *Ashcroft v. Iqball* [sic], 556 U.S. 662 (2009).  The plaintiff has stated causes of action against Godenick, which if taken as true, allow her to recover.  The fact that Godenick went to medical school does not give him the blanket protection of S.C. Code 15-79-100 and 15-79-125 for any and every tortious act he might commit.  The plaintiff alleged that Godenick passed around photographs of her and made sport of her to patrons of her

employer. None of that, of course, has anything to do with any medical decision Godenick did or did not make.[1]

ECF No. 23 at 1. This argument essentially restates the arguments found in Plaintiff's Response to the Motion, which were previously addressed by the Magistrate Judge.

This Court agrees with the Magistrate Judge's conclusions for substantially the same reasons set forth in the Report. The instant case, which involves Defendant Godenick's alleged breach of Plaintiff's patient confidentiality, is distinguishable from *Dawkins v. Union Hosp. Dist.*, 758 S.E.2d 501 (S.C. 2014). The alleged injury to Plaintiff unquestionably arose out of the doctor-patient relationship between herself and Defendant Godenick. Indeed, the Complaint styles its ninth cause of action as "Breach of Medical Privacy" and alleges that the confidential information was entrusted by Plaintiff to Defendant Godenick "[i]n the scope of the doctor-patient relationship." ECF No. 1-1 at 10. This is in contrast with *Dawkins*, where the plaintiff "had not begun receiving medical care at the time of her injury." 758 S.E.2d at 505. The Court cannot find that Defendant Godenick's treatment of Plaintiff "[i]n the scope of the doctor-patient relationship," ECF No. 1-1 at 10, however allegedly inadequate or improper, was merely "nonmedical, administrative, ministerial, or routine," *Dawkins*, 758 S.E.2d at 504. In addition, *Dawkins* and many of the cases cited therein involved premises liability claims, which differ significantly from Plaintiff's claims of negligence, recklessness,[2] and breach of medical

---

[1] The Court does not construe Plaintiff's argument that it would be burdensome to file a new action in state court as a specific objection to the Report, as it does not appear to allege any error by the Magistrate Judge. *See* ECF No. 23 at 1–2.

[2] Plaintiff's claim for common law negligence and recklessness against Defendant Godenick is based on the same conduct as her claim for breach of medical privacy, i.e., "sharing confidential medical information without a patient's consent." ECF No. 1-1 at 6.

3

privacy. Plaintiff cites no applicable law in which the same result was reached in a non-premises case, or otherwise suggesting that the result reached in *Dawkins* would be appropriate here.

In sum, the Court finds that the *Dawkins* holding does not excuse Plaintiff's action from the statutory requirements of §§ 15-36-100(B) and 15-79-125(A). Plaintiff's claims against Defendant Godenick are properly characterized as professional negligence and/or medical malpractice claims and dismissal without prejudice is warranted. *See* ECF No. 22 at 8–9 (citing statute and cases).

## **CONCLUSION**

For the reasons set forth above, the Court **ADOPTS** the Report, **OVERRULES** Plaintiff's Objection, and **DISMISSES WITHOUT PREJUDICE** all claims against Defendant Godenick. Because Defendant's motion for dismissal is granted, the Court does not reach the alternative motion to sever and strike.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

September 23, 2020
Spartanburg, South Carolina

---

The Court therefore finds that, however styled, both claims are subject to the same analysis.